UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHANIE KOCH,

        Plaintiff,

-vs-                                              Case No. 2:10-cv-166-FtM-29SPC

ALLEN LEWIS & ASSOCIATES,

        Defendant.

_____

## ORDER

This matter comes before the Court on Plaintiff's Motion for Entry of Clerk's Default Against Allen Lewis & Associates (Doc. #11) filed on May 25, 2010. Plaintiff Stephanie Koch contends that an entry of clerk's default is appropriate because defendant has failed to timely answer or otherwise defend itself against plaintiff's Complaint.

The Florida Rules of Civil Procedure state that "at the time of personal service of process a copy of the initial pleading shall be delivered to the party upon whom service is made." Fla. R. Civ. P. 1.070. A corporation may be served by serving process on the president, vice president, the cashier, treasurer, secretary, general manager, any director, any officer or business agent residing in the state. Fla. Stat. § 48.081(1)(a-d). The conditions imposed by Florida Stat. § 48.081 must be strictly complied with. S.T.R. Industries, Inc. v. Hidalgo Corporation, 832 So. 2d 262, 263 (Fla. 3d DCA 2002); Richardson v. Albury, 505 So. 2d 521, 522-523 (Fla 2d DCA 1987).

On March 25, 2010, the Summons and Complaint was served via hand-delivery on Cheryl Garman, Client Relations, at Allen Lewis & Associates' office in Jacksonville, Florida. The court finds that service on Garman was improper. She is not a proper member of the corporation that may

receive service because it does not appear that she is an officer, manager, or registered agent of the corporation. Thus it appears the motion is due to be denied.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Entry of Clerk's Default Against Allen Lewis & Associates (Doc. #11) is **DENIED without prejudice**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___3rd___ day of June, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Partes of Record